846 A.2d 588

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v. LYDIA LOPEZ SANCHEZ, DEFENDANT–APPELLANT.

Argued March 15, 2004—Decided April 21, 2004.

*Vincent N. Simone,* argued the cause for appellant.

*Johanna Barba,* Deputy Attorney General, argued the cause for respondent (*Peter C. Harvey,* Attorney General of New Jersey, attorney).

PER CURIAM.

In May 2001, the Cape May County Prosecutor's Office Narcotics Task Force received information from a confidential informant of known reliability that defendant Lydia Sanchez was selling cocaine out of her second-floor, duplex apartment in Wildwood. Based on that tip and on two controlled drug buys performed at

the apartment during a subsequent police investigation, Agent Darrell Shelton applied for a warrant before a judge of the Wildwood Municipal Court to search defendant's apartment and person.

In his affidavit offered in support of the search warrant application, Shelton asserted that a no-knock entry was necessary because of the easily disposable nature of the drugs and for officer safety. As support for his concern for the safety of the executing officers, Shelton called specific attention to defendant's nine-year-old arrest for aggravated assault and unlawful possession of a weapon. Shelton's affidavit also disclosed that defendant's certified criminal history ordered by the police revealed that defendant had been arrested in 1992 for possession of CDS and in 1972 for shoplifting. The municipal court judge issued the search warrant and authorized its execution without knocking and announcing the identity and purpose of the law enforcement officers.

The police executed the no-knock warrant at defendant's residence. They discovered a substantial quantity of cocaine, a small supply of marijuana, and miscellaneous drug paraphernalia. Defendant was charged with numerous drug-related offenses.

Defendant moved to suppress the seized narcotics, arguing that there was insufficient information in the search warrant application to permit a no-knock entry. After a hearing, the trial court granted defendant's motion to suppress, finding that Agent Shelton's affidavit did not provide the municipal court judge with sufficient information to justify a departure from the knock-and-announce requirement.

On appeal, the Appellate Division reversed in an unpublished opinion. Noting that this was a "close case," two of the panel's three judges concluded that defendant's criminal record provided the police reasonable suspicion to believe that "they were dealing with a person with a potentially violent disposition in the drug milieu...." The third member of the panel dissented, reasoning that the record presented to the municipal court judge did not provide a reasonable, particularized suspicion of a danger to

officer safety sufficient to justify a no-knock entry. We granted defendant's motion for leave to appeal *nunc pro tunc*. *State v. Sanchez*, 178 *N.J.* 244, 837 *A.*2d 1089 (2003).

■ The narrow issue before this Court is whether the totality of the circumstances justified a no-knock warrant on the basis of officer safety. The facts in this appeal are similar to those found in *State v. Jones*, 179 *N.J.* 377, 846 *A.*2d 569 (2004), also decided today. Here, as in *Jones*, the criminal drug activity occurred in Wildwood; Agent Shelton sought a search warrant based on the tip of a confidential informant and controlled drug buys; the same Wildwood Municipal Court Judge issued the warrant; and the warrant allowed a no-knock entry. Unlike *Jones*, however, defendant in this appeal does not challenge the probable cause determination underlying the search warrant.

We set forth the controlling principles concerning no-knock warrants in *State v. Johnson*, 168 *N.J.* 608, 775 *A.*2d 1273 (2001), and reaffirmed them in *Jones, supra.* Although this case presents a closer question than *Jones*, after a careful review of the record we conclude that in the totality of the circumstances, particularly defendant's arrest for aggravated assault and unlawful possession of a weapon, the police articulated a reasonable, particularized suspicion of a danger to officer safety sufficient to justify their no-knock entry into defendant's apartment.

■ As we noted in *Johnson*, the showing required to justify a no-knock entry "is not high[.]" 168 *N.J.* at 624, 775 *A.*2d at 1282 (quoting *Richards v. Wisconsin*, 520 *U.S.* 385, 394–95, 117 *S.Ct.* 1416, 1422, 137 *L.Ed.*2d 615, 622 (1997)). In view of that required showing, our concerns for police officer safety, *Jones, supra*, 179 *N.J.* at 404–07, 846 *A.*2d at 585–87, and because a "search based upon a warrant is presumed to be valid once the State establishes that the search warrant was issued in accordance with the procedures prescribed by the rules governing search warrants[,]" *State v. Valencia*, 93 *N.J.* 126, 133, 459 *A.*2d 1149 (1983), we affirm.

*For affirmance*—Chief Justice PORITZ and Justices LONG, VERNIERO, LaVECCHIA, ZAZZALI, ALBIN, and WALLACE—7.

*Opposed*—None.